UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TAMMY SWILLEY, )
)
    *Plaintiff,* )
v. ) No. 1:04-cv-243
) *Edgar / Lee*
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
)
    *Defendant.* )

## **M E M O R A N D U M**

Plaintiff Tammy Swilley brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") to deny her disability benefits. Plaintiff has filed a motion for a judgment on the pleadings [Doc. No. 10]. The Commissioner has filed a motion [Doc. No. 13] for a summary judgment. United States Magistrate Judge Susan K. Lee has filed a report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b) [Doc. No. 16]. The Magistrate Judge recommended that the Commissioner's motion for a summary judgment be granted, that the plaintiff's motion for a judgment on the pleadings be denied and that a judgment be entered pursuant to FED. R. CIV. P. 58 affirming the decision of the Commissioner denying Social Security disability benefits to plaintiff. *Id.* Plaintiff has objected [Doc. No. 17] to the Magistrate Judge's report and recommendation.

When considering an objection to a Magistrate Judge's report and recommendation, the Court reviews the matter *de novo* under 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b). For the reasons stated in this memorandum, the plaintiff's objections will be **DENIED**.

-1-

Judicial review of a disability determination made by the Commissioner is limited to determining whether the findings of fact made by the Social Security administrative law judge ("ALJ") are supported by substantial evidence in record as a whole, and whether the ALJ has correctly applied the proper legal standards. *Elam ex rel. Golay v. Comm'r of Soc. Sec.,* 348 F.3d 124, 125 (6th Cir. 2003). Title 42 U.S.C. § 405(g) provides that the Commissioner's findings as to any fact shall be conclusive if they are supported by substantial evidence. The term "substantial evidence" means more than a mere scintilla of evidence, but less than a preponderance of the evidence. *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996). Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.1420, 28 L. Ed. 2d 842 (1971). If the Commissioner's findings are supported by substantial evidence, those findings must stand and they cannot be reversed or disturbed by the Court even if the Court would resolve the disputed issues of fact differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). "The decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

After *de novo* review, the Court concludes that the findings of the ALJ are supported by substantial evidence in the administrative record.

In her objections to the magistrate judge's report and recommendation [Doc. No. 17], plaintiff contends that the ALJ's findings: (1) that she has the residual functional capacity for a full range of sedentary work and (2) that as a result of the foregoing, Rule 201.28 of the Medical-Vocational Guidelines directs a finding of not disabled, are not supported by substantial evidence in the record. Specifically, plaintiff contends that because the ALJ's decision does not in any way

address the results of the manual dexterity testing performed by Rodney Caldwell, Ph. D., (Tr. 232), the decision provides no basis for determining that the result of the manual dexterity testing was even considered by the ALJ. *Id.* Moreover she contends that not only is there no way to determine whether the ALJ considered the manual dexterity testing, there is also no way to determine whether or not the ALJ's consideration or evaluation, if any, of the manual dexterity testing was consistent with the regulations that prescribe how that evaluation should be made. Further, plaintiff also contends that the lack of even minimal articulation concerning the ALJ's assessment of the dexterity testing evidence is not harmless error because the results of the manual dexterity testing, even if not fully credited by the ALJ, would preclude reliance on the Medical-vocational guidelines and necessitate a remand for vocational expert testimony.

The manual dexterity testing which forms the basis of plaintiff's objections to the magistrate judge's report and recommendation was part of a vocational analysis performed by Rodney Caldwell, Ph. D. (Tr. 230 - 233). In pertinent part, the report concerning the manual dexterity testing states:

> MINNESOTA MANUAL DEXTERITY TEST
>
> This is a test of gross manual dexterity. Ms. Swilley was unable to complete one trial of this test. She stopped after completing 22 of 60 pieces in 35 seconds. This would be well below the first percentile if projected for a full trial involving 80 pieces. It should be noted that neither this test nor any other dexterity test was performed in the FCE.

Tr. 232. In her objections to the report and recommendation, plaintiff correctly notes that the loss of manipulative capacity, *i.e.*, manual dexterity, is a non-exertional limitation which precludes the use of the medical-vocational guidelines (the "grids"). See *Hurt v. Secretary of Health and Human Services*, 816 F.2d 1141, 1143 (6th Cir. 1987)(per curiam).

However, although an ALJ has a duty to freely and fairly develop a record, the ALJ need not discuss all the evidence in the record. *Dykes ex rel. Brymer v. Barnhart*, 112 Fed. Appx. 463, 467, 2004 WL 2297874 at * 4 (6th Cir. Oct 12, 2004)(quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)). Moreover, an ALJ's failure to cite specific evidence is not an indicator that the evidence was not considered. *Id.* Hence, the Sixth Circuit has stated that even if an ALJ commits error in failing to explicitly discuss/reject an assessment, such an error is harmless and the question before the court is whether the ALJ's decision is supported by substantial evidence. *Id.*, 112 Fed. Appx. at 468, 2004 WL 2297874, at * 5 (citing *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535-36 (6th Cir. 2001)). Thus, contrary to plaintiff's assertions, the mere fact that the ALJ did not explicitly discuss, and/or explicitly state his reason for rejecting the manual dexterity test, is not a *per se* ground for a reversal and remand of the ALJ's decision.

Further, in his decision, the ALJ stated that he was according the greatest weight to the opinions of plaintiff's treating specialists, Drs. Killefer and Holt, because they were not only treating physicians, they were specialists as well. The ALJ stated:

> To summarize, I find the claimant retains the residual functional capacity to perform sedentary work, with no additional limitations. I base this finding primarily on the reports/opinions of Dr. Killefer and Dr. Holt, the claimant's treating neurosurgeon and orthopedist, respectively. Dr. Killefer performed the claimant's carpal tunnel releases, and he ordered a functional capacity evaluation. He reviewed that evaluation, and he accepted its limitations, which are as follows: no activities that involve direct pressure on her palms, including no pushing things with her hands, and no gripping which would require a right grip strength greater than 62 pounds or left grip strength grater [sic] than 45 pounds; and no overhead work. The claimant had no treatment for carpal tunnel syndrome since that final visit with Dr. Killefer in October 2001, which strongly suggests that her condition is doing well. Therefore, I accept Dr. Killefer's opinion. I also accept Dr. Holt's opinion regarding the claimant's limitations caused by her knee arthritis and sciatica, which include

-4-

> standing and walking for a "moderate" time/distance, which he also described as standing less than six hours and walking less than four hours on an eight-hour workday. He also reported the claimant should limit lifting to 15 pounds (Exhibits 9F and 15F). These limitations allow for performance of a reduced range of light work activity, but they allow for performance of the full range of sedentary work (Social Security Ruling 83-10). I give great weight to these medical opinions, because they come from the claimant's treating specialists, and based on these reports I find that the claimant is capable of sedentary work.

Tr. 18.

In a report of a neurosurgical follow-up examination of plaintiff on July 31, 2001, her treating physician/neurosurgeon, Dr. James A. Killefer, stated that, based upon plaintiff's subjective complaints, he would refer her for a functional capacity evaluation. Tr. 195. This functional capacity evaluation was performed on August 10, 2001.[1] Tr. 128-130. Subsequently, in a report of a neurosurgical follow-up dated October 30, 2001, Dr. Killefer stated that he:

> . . . reviewed a functional capacity dated 8/10/01. In reviewing this, I would determine that her limitations related to her carpal tunnel syndrome would be no activities that involve direct pressure on her palms. This would include pushing things with her hands or gripping which would require a right grip strength greater than 62 pounds or left grip strength greater than 45 pounds. She should not do overhead work . . .

Tr. 194.

Thus, plaintiff's treating neurosurgeon, reviewed the FCE of August 10, 2001, and incorporated its results into his assessment/opinion of plaintiff following his neurosurgical follow-up

---

[1] It is this functional capacity evaluation – FCE – that Rodney Caldwell comment upon in his vocational analysis. Caldwell noted that this FCE did not include a dexterity test. Tr. 232.

-5-

on October 30, 3001. Tr. 194. There is no evidence that any treating physician of record reviewed or commented upon Rodney Caldwell's vocational analysis.

The Social Security disability regulations, 20 C.F.R. § 404.1513 define the sources who can provide evidence to establish an impairment. These are:

> (a)     . . . Acceptable medical sources are –
>
> > (1)     Licensed physicians (medical or osteopathic doctors);
> >
> > (2)     Licensed or certified psychologists . . . .
> >
> > (3)     Licensed optometrists, for the measurement of visual acuity and visual fields . . . .
> >
> > (4)     Licensed podiatrists, for purposes of establishing impairments of the foot, or foot and ankle only . . . .
> >
> > (5)     Qualified speech-language pathologists, for purposes of establishing speech or language impairments only . . . .
>
> (d)     . . . In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we may also use evidence from other sources to show the severity of your impairment(s) and how it affect your ability to work. Other sources include, but are not limited to –
>
> > (1)     Medical sources not listed in paragraph (a) of this section (for example, nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists) . . .

20 C.F.R. § 404.1513.

The regulations, 20 C.F.R. § 404.1527 also state how the Commissioner will evaluate medical opinion evidence. 20 C.F.R. § 404.1527(a)(2) states in pertinent part that:

> Evidence that you submit or that we obtain may contain medical opinions. Medical opinions are statements from physicians and

-6-

psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s) . . .

20 C.F.R. § 404.1527(a).

Further, 20 C.F.R. § 404.1527(d) sets out how the Commission will weigh medical opinions:

> . . . we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (d)(2) of this section . . .
>
> (2) . . . Generally, we give more weight to opinions from your treating sources . . . If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight . . .
>
> (5) . . . We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.

20 C.F.R. § 404.1527(d).

In this instance, Dr. Killefer's October 30, 2001 report, which included his review and incorporation of the August 10, 2001 functional capacity evaluation, clearly constituted a medical opinion from one of plaintiff's treating sources. Moreover, as the ALJ noted, Dr. Killefer was not only a treating physician, he was a treating neurosurgeon – a specialist. Tr. 18. The ALJ explicitly noted that he gave Dr. Killefer's opinion as to the limitations on plaintiff's upper extremities resulting from her carpal tunnel syndrome great weight. Tr. 18.

Rodney Caldwell's Vocational Assessment on the other hand, was not a report from a treating physician, much less a physician. Rather, under 20 C.F.R. § 404.1513(d)(1), Caldwell's vocational assessment constituted other medical source evidence. Because the ALJ explicitly indicated that he was giving Dr. Killefer's opinion/assessment of the limitations of plaintiff's use

of her upper extremities, including her hand, resulting from her carpal tunnel syndrome, great, if not controlling, weight, it is not surprising that the ALJ did not state that he would accord little, if any, weight to Rodney's Caldwell's other medical source evidence.

Therefore, the Court finds that the ALJ's error, if any, in failing to explicitly discuss/reject Rodney Caldwell's assessment about the results of the manual dexterity testing was harmless error. *Dykes*, 112 Fed. Appx. at 468, 2004 WL 2297874 at * 5. This is particularly true, where, as in the instant case, the ALJ's decision is supported by substantial evidence in the record and the ALJ had an ample basis for according great, if not controlling, weight to Dr. Killefer's opinion/assessment of the extent of limitation on plaintiff's upper extremities; namely, Dr. Killefer was both a treating physician and a specialist.

Accordingly, the plaintiff's objections to the Magistrate Judge's report and recommendation will be **OVERRULED**, the United States Magistrate Judge's report and recommendation will be **ACCEPTED and ADOPTED** pursuant to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b) and the Commissioner's decision to deny benefits will be **AFFIRMED**.

Judgment will enter.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
CHIEF UNITED STATES DISTRICT JUDGE